IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **OKSANA KHAMNAYEV**, an individual,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>**SCHNITZER STEEL INDUSTRIES, INC.**,<br>a domestic business corporation,<br><br>　　　　　Defendant. | Case No. 3:22-cv-00391-AR<br><br>**ORDER ADOPTING F&R WITH CLARIFICATION** |

Martin C. Dolan, Dolan Law Group PC, 4300 NE Fremont St, Suite 250, Portland, OR 97213. Attorney for Plaintiff.

Daniel Schmidt and Stephen M. Scott, Fisher & Phillips, LLP,111 SW 5th Ave, Suite 4040, Portland, OR 97204. Attorneys for Defendant.

**IMMERGUT, District Judge.**

　　This Court has reviewed de novo the portions of the Findings and Recommendation ("F&R") to which Defendant objected. For the reasons below, the Court ADOPTS Judge Armistead's F&R, ECF 39, with clarification. Defendant has failed to state a claim for breach of contract, and amendment would be futile. Accordingly, this Court GRANTS in part Plaintiff's Motion to Dismiss Defendant's Counterclaims and DISMISSES Defendant's counterclaim for breach of contract with prejudice.

PAGE 1 – ORDER ADOPTING F&R WITH CLARIFICATION

BACKGROUND

Plaintiff commenced this action against Defendant on March 10, 2022, alleging (1) disability discrimination for unlawful termination under the Americans with Disabilities Act ("ADA") and O.R.S. 659A.112(1); (2) disability discrimination for failure to accommodate under the ADA and O.R.S. 659A.112(2)(e); (3) family medical leave discrimination under the Family Medical Leave Act ("FMLA"); and (4) Oregon Family Leave Act ("OFLA") Discrimination under ORS 659A.183. Complaint, ECF 1 ¶¶ 23–72. Defendant filed a Motion to Dismiss against all of Plaintiff's claims on June 17, 2022, ECF 7. On August 2, 2023, this Court adopted Judge Armistead's F&R recommending that Defendant's Motion to Dismiss be denied. ECF 27.

On August 16, 2023, Defendant filed an Answer, Affirmative Defenses, and Counterclaims ("Answer"), ECF 29. Defendant alleges two counterclaims: "Attorney Fees" and "Breach of Contract." *Id.* ¶¶ 79–89. As to its breach of contract counterclaim, Defendant alleges that Plaintiff breached her Separation Agreement ("Agreement"). Answer, ECF 29 ¶ 88. Defendant attached this Agreement to its Answer. Agreement, ECF 29-1. The parties signed the Agreement on October 31, 2019. *Id.* at 5.

On September 20, 2023, Plaintiff filed the instant Motion to Dismiss Defendant's Counterclaims for failure to state a claim and requested an award of her reasonable attorney's fees, ECF 31. In its Response, Defendant argued that its counterclaims were sufficiently plead. Response ("Resp."), ECF 34 at 4–10. On May 8, 2024, Judge Armistead issued an F&R recommending that Plaintiff's Motion be granted as to Defendant's counterclaim for breach of contract. F&R, ECF 39 at 3. Judge Armistead recommended that this counterclaim be dismissed without leave to amend. *Id.* at 12. In addition, Judge Armistead recommended that both Parties'

PAGE 2 – ORDER ADOPTING F&R WITH CLARIFICATION

requests for attorney's fees as to the Motion should be denied because it would be premature at this stage to conclude whether such fees are warranted. *Id.* at 3, 12.

On May 22, 2024, Defendant timely filed its objections to the F&R. Objections, ECF 41. Defendant objects to the recommended dismissal of its breach of contract counterclaim and, in the alternative, requests leave to amend. *Id.* at 2. No party objects to the recommended denial of the Motion as to the requests for attorney's fees.

Plaintiff filed her Response to Defendant's Objections on June 12, 2024. ECF 44. She argues that Defendant has not met the pleading standard as to the breach of contract counterclaim and amendment would be futile given Defendant's insufficient factual allegations and relevant caselaw. *Id.* at 12–16.

## STANDARDS

Under the Federal Magistrates Act ("Act"), as amended, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If a party objects to a magistrate judge's F&R, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* But the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the F&R that are not objected to. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Nevertheless, the Act "does not preclude further review by the district judge, *sua sponte*" whether de novo or under another standard. *Thomas*, 474 U.S. at 154.

## DISCUSSION

As described below, this Court has carefully considered Defendant's counterclaim and adopts Judge Armistead's F&R with clarification to address Defendant's new legal theory.

PAGE 3 – ORDER ADOPTING F&R WITH CLARIFICATION

### A. Failure to State a Claim

Judge Armistead found that Defendant's breach of contract counterclaim is conclusory and did not sufficiently allege facts to make the claim plausible under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 554 (2007). F&R, ECF 39 at 7–8. This Court agrees with Judge Armistead's analysis and adopts this portion of the F&R in full.

### B. Denial of Leave to Amend

This Court agrees with Judge Armistead's recommendation that Defendant should not be granted leave to amend its breach of contract claim. F&R, ECF 39 at 12. This Court clarifies Judge Armistead's futility analysis based on the new legal theory Defendant raised in its Objections. The Opinion below outlines the futility standard and summarizes Defendant's new and old legal theories for its breach of contract counterclaim. Then, this Court holds that amendment would be futile as the allegedly disparaging statements do not fall within the scope of the non-disparagement clause and the statements are absolutely privileged.

After the time for amending as a matter of course has elapsed, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. Pro. 15(a)(2). However, the "general rule that parties are allowed to amend their pleadings . . . does not extend to cases in which any amendment would be an exercise in futility or where the amended complaint would also be subject to dismissal." *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998) (citations omitted). Futility alone can justify a court's refusal to grant leave to amend. *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015).

Futility exists where "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Barahona v. Union Pac. R.R.*, 881 F.3d 1122, 1134 (9th Cir. 2018) (citations omitted). The standard for futility is the same as that

PAGE 4 – ORDER ADOPTING F&R WITH CLARIFICATION

for a motion to dismiss under Federal Rules of Evidence 12(b)(6), *Robillard v. Opal Labs, Inc.*, 337 F. Supp. 3d 962, 969 (D. Or. 2018), that is, the claims must be implausible on their face, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Defendant offers only brief argument as to why it should be granted leave to amend. *See* Objections, ECF 41 at 9. This Court treats Defendant's arguments for why it has stated a claim as arguments for why it should be granted leave to amend.

Defendant clarified its position in its Objections: "[Plaintiff's] lawsuit is a direct breach of the non-disparagement clause." Objections, ECF 41 at 4. This provision states:

> [Plaintiff] agrees and covenants that she shall not at any time make, publish, or communicate to any person or entity or in any public forum any defamatory or disparaging remarks, comments or statements concerning the Company or its businesses, or any of its employees or officers, and existing and prospective customers, suppliers, investors and other associated third parties, now or in the future.
>
> This Section does not, in any way, restrict or impede [Plaintiff] from exercising protected rights to the extent that such rights cannot be waived by agreement . . . .

Agreement, ECF 29-1 § 10.

Defendant argues for the first time in its Objections that "it is not Defendant's contention that filing a lawsuit is a breach of the separation agreement; it is Defendant's contention that the false and defaming allegations contained within the claim constitute a breach." ECF 41 at 5. "Defendant does not seek to bar Plaintiff from filing claims which are valid and which have a substantial basis in fact." *Id.* at 4. Defendant also argues that "Plaintiff's Complaint is readily and publicly accessible" and "the mere existence of a lawsuit which contains defamatory and disparaging allegations could lead Defendant's current and prospective customers to elect to do business elsewhere." *Id.* Defendant then provides a non-exhaustive list of statements in the Complaint that it "believes are defamatory and/or disparaging," namely:

PAGE 5 – ORDER ADOPTING F&R WITH CLARIFICATION

      (a) Defendant denied Plaintiff's request for a reasonable accommodation;

      (b) Defendant "failed to engage Plaintiff in a meaningful interactive process;"

      (c) Defendant only offered Plaintiff "demotions" to manual labor jobs; and

      (d) Defendant discriminated against Plaintiff.

*Id.* at 3–4 (footnote and citation omitted). This legal theory differs from what Defendant submitted before Judge Armistead:

> Plaintiff and Defendant entered into a valid contract, that contract included terms which prohibited Plaintiff from disparaging Defendant, Defendant fully performed under the contract, Plaintiff filed a lawsuit replete with damaging claims about Defendant, and Defendant has had to hire attorneys and incur attorneys' fees to defend against this vexatious and spurious litigation. Defendant does not need to walk Plaintiff through its explanation as to why filing a lawsuit against it is damaging. Nor does it need to specifically identify what allegations, which Defendant has denied and continues to deny, are specifically defamatory or disparaging. The fact is, the parties entered into a valid contract and Defendant performed under the contract. Plaintiff, however, filed a lawsuit alleging that Defendant engaged in illegal business practices after signing an agreement which prohibited such actions; Defendant is well within its rights to file a claim based on Plaintiff breaching its contract.

Resp., ECF 34 at 7 (footnote and internal citations omitted). Further, Defendant did not argue to Judge Armistead that Plaintiff's allegations were false.

      To summarize, Defendant went from arguing to Judge Armistead that it need not "specifically identify" Plaintiff's allegedly "defamatory or disparaging" allegations to providing a list. Defendant also changed from advancing the theory that "filing a lawsuit" that alleges "illegal business practices" amounts to breach of contract to a narrower theory that false, disparaging allegations in a complaint constitute such a breach, unlike "valid" claims with "a substantial basis in fact." Defendant does not explain why this new theory was not raised before Judge Armistead. *See* Objections, ECF 41.

PAGE 6 – ORDER ADOPTING F&R WITH CLARIFICATION

Nonetheless, the Court exercises its discretion to consider this newly-raised argument.[1] Thus, at this stage, the inquiry is no longer whether the non-disparagement clause can "plausibly be read to prohibit [Plaintiff] from bringing legal action against [Defendant]." F&R, ECF 39 at 9 n.2. Instead, the question is whether Defendant should be granted leave to amend to allege that certain allegations in Plaintiff's complaint amount to a breach of the non-disparagement clause. Due to this change, this Court must clarify the leave to amend portion of the F&R.

Under Defendant's new legal theory, as with its previous theory,[2] amendment would be futile. This is because Plaintiff's statements in her Complaint do not fall within the scope of the non-disparagement provision and, even if they did, these statements are absolutely privileged under Oregon law.

Defendant did not explicitly state what additional facts it would plead if granted leave to amend. However, Defendant listed some purportedly defamatory allegations from the Complaint as noted above, all of which are elements of Plaintiff's claims. Defendant does not provide any legal authority for its proposition that allegations in a complaint can amount to disparagement.

Plaintiff's recitation of the elements of her claims do not fall within the scope of the non-disparagement provision. To hold otherwise would be to transform the non-disparagement provision into a release of claims. *See Ruyan Inv. Holdings Ltd. v. Smoking Everywhere, Inc.*,

---

[1] The Magistrate's Act permits this Court to "receive further evidence" at its discretion. 28 U.S.C. § 636(b)(1); *Ferguson v. Smith*, No. 3:18-CV-372-SB, 2020 WL 6112186, at *1 (D. Or. Oct. 16, 2020). On *de novo* review of a magistrate judge's findings and recommendation, "the Court 'has discretion, but is not required,' to consider new evidence or arguments." *Ferguson*, 2020 WL 6112186, at *1 (quoting *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000)).

[2] This Court adopts Judge Armistead's reasoning as to why leave to amend would be futile under Defendant's prior theory that filing a lawsuit amounts to breach of contract. F&R, ECF 39 at 8–12.

PAGE 7 – ORDER ADOPTING F&R WITH CLARIFICATION

No. CV 11-367 GAF (FFMX), 2011 WL 13218017, at *6 (C.D. Cal. Aug. 22, 2011) ("Indeed, if such litigation claims did fall within the [non-disparagement] provision, the provision would effectively render the general release superfluous: any claim that [Plaintiff] asserted in litigation could be considered "derogatory" or "detrimental" to [Defendant]'s business reputation, and thus barred by the non-disparagement provision, regardless of whether it fell within the scope of the general release."). The logic in *Ruyan* applies to cases where there is no general release. The Agreement here, as Judge Armistead determined, did not contain a release of claims, F&R, ECF 39 at 10, and this Court refuses to interpret the non-disparagement provision in such a way that would override the Parties' decision not to agree to a general release.[3] Thus, Plaintiff's recitation of the elements of her employment law claims do not fall within the non-disparagement provision. This is true regardless of the "merits or factual truth" of Defendant's breach of contract allegations. *John Hyland Constr., Inc. v. Timberland, Inc.*, No. 6:22-CV-01575-AA, 2023 WL 7386053, at *3 (D. Or. Nov. 8, 2023).

Even if Plaintiff's allegations in her Complaint fell within the scope of the non-disparagement provision, Defendant still cannot state a claim for breach of this provision based on Plaintiff's statements in her complaint under any set of facts. Plaintiff is correct that absolute privilege applies to "statements that are made as part of judicial and quasi-judicial proceedings"

---

[3] Defendant argues that "it is not proper for the Court to decide whether specific allegations within the Complaint constitute a breach." Objections, ECF 41 at 5. Defendant cites no legal authority for its position. As Plaintiff points out, at the motion to dismiss stage, it is the Court's duty to ensure that Defendant has plead sufficient facts under a cognizable theory, *Hsieh v. FCA US LLC*, 440 F. Supp. 3d 1157, 1160 (S.D. Cal. 2020) (citing *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1990)), that are "enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

PAGE 8 – ORDER ADOPTING F&R WITH CLARIFICATION

under Oregon law.[4] *DeLong v. Yu Enters., Inc.*, 334 Or. 166, 171 (2002) (en banc); Resp. to Objections, ECF 44 at 9. This includes statements made "in the course of or incident to" judicial proceedings. *Mantia v. Hanson*, 190 Or. App. 412, 417 (2003). When absolute privilege applies, it bars altogether the cause of action that was based on the statements. *DeLong*, 334 Or. at 170. Such privilege is "well-established" in Oregon law. *Wollam v. Brandt*, 154 Or. App. 156, 164 (1998). This privilege "serves an important purpose" because it "secures to attorneys the utmost freedom in their efforts to secure justice for their clients." *Id.* This purpose applies here, as unrestrained statements in a complaint are necessary to secure justice. Courts have applied this privilege in actions under Oregon law for libel,[5] defamation,[6] tortious interference,[7] and abuse of process,[8] though not wrongful initiation of civil proceedings or malicious prosecution.[9]

Plaintiff's statements in her complaint are unambiguously "in the course of or incident to" the instant judicial proceeding. This Court sees no reason why Defendant's claim for breach of a non-disparagement clause would be treated any differently than an action for defamation or libel. No wrongful initiation has been alleged here. Therefore, amendment to properly state a

---

[4] The Agreement states that it is to be interpreted under Oregon law. Agreement, ECF 29-1 at 5.

[5] *Ramstead v. Morgan*, 219 Or. 383, 401 (1959).

[6] *Martinez-Delacruz v. Stuart Olson Farms, Inc.*, 612 F. Supp. 2d 1151, 1153 (D. Or. 2007).

[7] *Mantia,* 190 Or. App. at 429–30.

[8] *Hernandez v. Jefferson Cnty. Sheriff's Off.*, No. 3:19-CV-1404-JR, 2020 WL 7766987, at *13 (D. Or. Oct. 9, 2020), *report and recommendation adopted in part*, 2020 WL 7643116 (D. Or. Dec. 23, 2020).

[9] *Mantia*, 190 Or. App. at 429.

claim for breach of the non-disparagement provision based on Plaintiff's statements in her Complaint would be futile as this claim is barred under state law.

## CONCLUSION

This Court has reviewed de novo the portions of Judge Armistead's F&R to which Defendant objected. Judge Armistead's F&R, ECF 39, is ADOPTED subject to the above clarification. This Court GRANTS IN PART Plaintiff's Motion to Dismiss Defendant's Counterclaims. Defendant's counterclaim for breach of contract is DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED**.

DATED this 23rd day of August, 2024.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge